JUSTICE COTTER,
dissenting.
¶19 I dissent from the Court’s Opinion. I would conclude that a joint venture was established as a matter of law, and reverse under Issue One. I would therefore not reach Issue Two.
¶20 In his affidavit, Scott O’Brien affirmatively states that “[o]n behalf of Mrs. McPhillips, I gave permission to Mr. Raulston to remove scrap metal in exchange for a percentage of the value recovered.” O’Brien drew a map for Raulston upon which he set forth those areas of the property from which scrap metal could be taken as well as the basic terms of the parties’ agreement. A bargain was struck whereby Raulston benefited by gaining access to the property to remove scrap metal for profit, and McPhillips benefited by having unwanted scrap metal removed from her property at no cost while receiving 35% of the proceeds from the sale of the scrap. It is difficult for me to comprehend under these facts how the Court can conclude as a matter of law that *178 the parties did not intend to accomplish ajoint venture.
¶21 As we stated in Murphy. “Broadly speaking, ajoint adventure may be characterized as a quasi-partnership in a single adventure undertaken for mutual gain. The terms joint adventure and joint venture are synonymous.” Murphy, 178 Mont. at 303, 583 P.2d at 1053 (citing 48 C.J.S. Joint Adventurers § 1, p. 803). Rae, too, characterizes a joint adventure as being a single business enterprise “for which purpose they [the joint adventurers] combine their property, money, effects, skill, and knowledge.” Rae, 112 Mont. at 167, 114 P.2d at 1064. Further, the court observed that “[t]he contributions of the respective parties need not be equal or of the same character, but there must be some contribution by each coadventurer of something promotive of the enterprise.” Rae, 112 Mont. at 169, 114 P.2d at 1065. This is precisely what we have here: a single venture undertaken for mutual gain with each party contributing something promotive of the enterprise. I don’t knowhow we can characterize the parties’ one-time agreement entered for mutual gain as anything other than a joint venture under the foregoing cases.
¶22 The Court cites Murphy for the proposition that each joint venturer must have “ ‘the right of control over the others and an equal right to a voice in performing the joint venture, as well as in controlling the agencies used in its performance.’ ” Opinion, ¶ 12 (quoting Murphy, 178 Mont. at 304, 583 P.2d at 1053). The Court neglects to add this sentence that immediately follows the Court’s quoted Murphy excerpt: “However, one or more members of the joint adventure may entrust certain performances of the enterprise to one or more of the other members.” Murphy, 178 Mont. at 304, 583 P.2d at 1053 (citing 48 C.J.S. Joint Adventures § 5c, p. 828). The fact that McPhillips entrusted performance of the removal of the scrap to Raulston instead of dictating how the removal should be accomplished does not signify the lack of an equal voice in the performance of the enterprise; it simply establishes that—through O’Brien—she left the details to Raulston.
¶23 For the foregoing reasons, I would conclude that the undisputed material facts support the legal conclusion that the parties entered into ajoint venture. I therefore dissent.